MOLLIE EAGLE, Plaintiff, *v.* BENJAMIN CHERNEY et al., Defendants.

Third Department, November 10, 1943.

*Goodson & Potts*, attorneys (*Harold J. Hinman* of counsel), for plaintiff.

*Lawrence Levine*, attorney for defendants.

HEFFERNAN, J. Plaintiff has again applied to this court, through counsel, for an order reinstating her appeal and canceling and vacating a number of prior orders which dismissed such appeal.

The nature of plaintiff's action is disclosed in our decision (253 App. Div. 862) reversing an order and judgment of the Ulster Special Term of the Supreme Court which dismissed her complaint for failure to state a cause of action. Subsequently the cause was tried before an Official Referee who rendered a judgment in favor of defendants on January 24, 1940. Plaintiff timely appealed from that judgment. After the filing of the notice of appeal plaintiff's attorney died.

On May 1, 1940, on motion of defendants, this court dismissed the appeal for failure to prosecute.

On May 15, 1940, on plaintiff's motion, we reinstated the appeal on condition that plaintiff file and serve the record on appeal by June 20, 1940, and be ready to argue the same on July 1, 1940. Plaintiff did not comply with the conditions imposed and we again dismissed her appeal on July 2, 1940. (259 App. Div. 1101.)

Subsequently plaintiff applied to our court on numerous occasions for the reinstatement of her appeal and for permission to supply a typewritten record which applications were denied. (See 260 App. Div. 814, 265 App. Div. 1020.)

It is now asserted on behalf of plaintiff that her failure to comply with our order of May 15, 1940, is attributable to the fact that she was destitute, was living on relief and that she was unable to obtain a transcript of the stenographic record of the trial and that the stenographer had temporarily mislaid his notebooks.

At considerable expense to herself plaintiff has now caused the entire record on appeal to be printed.

Defendants assert that plaintiff's appeal is without merit.

Plaintiff's present application was argued at our Bar by a lawyer of ability and of unquestioned integrity. He has told us that her cause is not without merit. Whether or not the judgment appealed from is tainted with legal error can only be determined after we have reviewed the record. Neither trial nor appellate tribunals are infallible.

The unfortunate predicament in which plaintiff finds herself is due to the fact that she has not been represented by counsel. She, herself, is not a lawyer and her husband, who not only is not a lawyer but is entirely unfamiliar with legal procedure, has been her chief representative in our court. Since the rendition of the final judgment plaintiff and her husband have, unwisely, attempted to manage the litigation and, as might be expected, have fallen into the Slough of Despond. The court is not entirely blameless for the procedure in this cause. We should never have permitted the husband to appear for the wife. Plaintiff is now pleading for her day in court, for the opportunity to present the merits of her cause.

The disposition of this motion has provoked a sharp division among the members of our court. A majority believe that although plaintiff has been dilatory and has seriously erred in her procedure that we would not be serving the cause of justice by denying her the relief which she seeks. Then, too, no one can be prejudiced by such a disposition of the motion. The property involved in this proceeding meanwhile has been acquired by the city of New York so the rights of no innocent purchaser for value are involved. It is only a question of who is entitled to the proceeds of the award. If, as plaintiff asserts, she has been cheated out of upwards of $75,000 by the fraudulent conduct of defendants then she has a grievance which ought to be redressed. If her claims are not well founded then she cannot succeed.

Plaintiff's motion is, therefore, granted, her appeal is reinstated and the various orders dismissing such appeal are vacated and annulled on condition however that plaintiff shall file and serve the record on appeal together with her brief on or before December 15, 1943, and be ready to argue the case at the January, 1944, session of our court.

HILL, P. J. (dissenting). From some viewpoints, the granting of this motion will not operate to give plaintiff an " opportunity to present the merits of her cause " but rather to harass the owners of this property in connection with an old claim, for a long time abandoned, but brought out anew at about the time when New York City started to take a portion of the land in the Delaware Water project.

Defendants, or their predecessors in title, purchased the premises at a mortgage foreclosure sale held in December, 1929. Plaintiff first became interested in the premises in October, 1928, when, according to her complaint in this action, she paid $1,400 to the mortgagees under their agreement with one Stella Ettinger, the then mortgagor, to consolidate the mort-

gages and extend the time of payments of interest and principal; that she made a further payment of $150 under the agreement on November 15, 1928. The fraud claimed arose when, plaintiff says, she was led to believe that the next payment of interest was to be made on October 10, 1929, while according to the terms of the written extension agreement through fraud it was made payable July 15, 1929. Foreclosure followed the failure to pay in July, with the sale, as earlier mentioned, in December, 1929. Plaintiff did not defend or appear in the mortgage foreclosure action and no legal steps were taken thereafter for about seven years and until this action was brought in October, 1936. It was tried and resulted in January, 1940, in a judgment unfavorable to plaintiff. An appeal was taken in February and a stay granted by the trial court. The stay having expired with no steps taken, this court dismissed the appeal on May 1, 1940, for failure to prosecute.

Plaintiff has been represented by four or more counsel in numerous applications for reinstatement. Prior to July 1, 1940, plaintiff asked leave to prosecute the appeal on a typewritten record. This motion was granted and what was asserted to be a record presented and an argument was had on July 1, 1940. On the day following, this court made a decision as follows: " Upon taking the matter up for consideration it appears that a proper record is not before us. We, therefore, have considered the merits only to determine whether leave to appeal upon a proper typewritten record should be granted. The order made from the bench on July first permitting the argument on a typewritten record is rescinded and revoked. We have examined all the papers presented by the appellant with a view to ascertain whether there is merit to the appeal and find none." (259 App. Div. 1101.) Between that date and March, 1943, about ten applications, part formal, more unformal, have been made to reinstate the appeal, but denied.

This has ceased to be a matter of practice or of granting relief to a dilatory suitor and affects the substantive rights of the defendants who for nearly fourteen years have held the title peaceably, so far as legal action was concerned, for the first half thereof.

The motion should not be granted.

CRAPSER, BLISS and SCHENCK, JJ., concur with HEFFERNAN, J.; HILL, P. J., dissents, in a memorandum.

Motion granted.